

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

ENTERED
06/22/2011

| | |
|---|---|
| IN RE: § | |
| MARIO ALBERTO MUNOZ; aka MUNOZ, § | CASE NO: 09-10731 |
| JESUSITA MUNOZ § | |
| Debtor(s) § | |
| § | CHAPTER 13 |

## MEMORANDUM OPINION AND ORDER ON PLAN CONFIRMATION AND OBJECTION TO CLAIM

On this day came on for consideration confirmation of the Chapter 13 Plan of Mario and Jesusita Munoz (the "Debtors") and their Objection to the Claim of Richard H. Bowyer d/b/a/ Mobile Home Ranch, Ltd. ("MHR"). The Court, having heard the evidence and arguments of counsel, finds that the Objection to Claim should be sustained and the Objection to Confirmation overruled.

### BACKGROUND

Debtors filed their first Chapter 13 Bankruptcy Petition on December 20, 2007. MHR filed a proof of claim as a secured creditor. Debtors confirmed a chapter 13 plan in which they crammed down MHR's claim to the value of the collateral, a 1994 mobile home. MBR did not object to its treatment under the plan and received distributions from the Chapter 13 Trustee under the first bankruptcy totaling $5,104.54. Thereafter, on August 19, 2009, the Debtors first bankruptcy case was dismissed for failure to make payments.

On December 14, 2009, Debtors filed their second Chapter 13 Bankruptcy Petition. MHR filed a Proof of Claim in the second bankruptcy changing the theory of recovery and alleging that the debt owed was a lease with a balance of $37,543.25, consisting of $8,711.67 in arrearage payments, $12,489.05 in remaining lease payments; $15,642.53 as remaining balance for purchase of the mobile home and $700 in attorney's fees. Debtors objected to the proof of claim

and proposed a chapter 13 plan which treats MHR's claim as a secured claim and crams down MHR's claim to $16,006.00, the alleged value of the mobile home, to be paid at 5.25% interest. MHR objected to plan confirmation on the grounds that the debt is a lease not a secured claim.

## DISCUSSION

The Court finds that MHR is barred from taking an inconsistent position regarding the nature of its claim by the doctrine of judicial estoppel. Under this doctrine, a party may not take an inconsistent position in separate proceedings in order to gain an unfair advantage. The doctrine applies when a party 1) takes a position that is clearly inconsistent with one asserted in a prior proceeding; 2) the court in a prior proceeding accepted that position; and 3) the parties inconsistencies were not inadvertent. *In re Superior Crew Boats*, 374 F.3d 330, 334 (5th Cir. 2004).

Here, MHR filed a secured proof of claim in the first bankruptcy and did not object to its treatment in the Debtors' plan. The plan was confirmed and MHR received payments under the plan totaling $5,104.54. Thus the Court accepted MHR's prior position. MHR now seeks to have its debt treated as a lease, a position which is inconsistent with the prior proceeding. No evidence was presented to prove or even suggest that MHR's prior position in the first bankruptcy was inadvertent. Accordingly, this case fits squarely with the doctrine of collateral estoppel as set forth by the Fifth Circuit. *Id.*; see also *Oparaji v. Wells Fargo Bank,* 2010 Bankr. LEXIS 4921; 64 Collier Bankr. Cas. 2d (MB) 1658 (Bankr. S.D. Tex. 2010).

MHR argues that dismissal of the first bankruptcy negates any actions taken therein. As noted by Judge Isgur in *Oparaji*: "Section 349 returns the parties, after the dismissal of a bankruptcy, to the position they were in at the time of filing with respect to their property rights. It does not erase all history. Parties may still face consequences as a result of the earlier

bankruptcy." *Id*. at *12-13. The Court finds that section 349 does not prevent application of the doctrine of judicial estoppel.

## CONCLUSION

For the reasons stated above, the Court finds that the Objection to Claim should be sustained and MHR's claim should be treated as a secured claim. The Court further finds that MHR's Objection to Confirmation should be overruled.

It is so ORDERED.

SIGNED 06/21/2011.

Richard S. Schmidt
United States Bankruptcy Judge